# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LUCIAN LEE SPANN, <br> ID # 1754082, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. **3:15-CV-3106-L** <br> (Criminal Action No. **3:12-CR-0126-L (1)**) |

## ORDER

On May 22, 2018, Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2).

On June 5, 2018, the Government filed objections to the magistrate judge's Report (Doc. 21). The Government objected to the magistrate judge's conclusion that Petitioner's conviction for Texas robbery is not a violent felony under the Armed Career Criminal Act ("ACCA"). The Government advised the court that the issue of whether robbery under the Texas statute[*] is a violent felony under the ACCA is pending before the Fifth Circuit in *United States v. Burris*, No. 17-

---

[*] A person commits robbery under the Texas statute if "in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. (b) An offense under this section is a felony of the second degree." Tex. Pen. Code Ann. § 29.02 (West 2017).

**Order –Page 1**

10478 and *United States v. Wheeler*, No. 17-10607. For that reason, the Government requested that the court defer its decision on this matter until those issues are resolved.

On June 5, 2018, Petitioner filed Movant's Objections to Report and Recommendation (Doc. 22) in which he contends that he agrees with the magistrate judge's ultimate conclusion, however; he objects to the conclusion that robbery is divisible into two separate offenses. He further contends that there is no need to reach a conclusion regarding his aggravated assault conviction because the Report's conclusion regarding robbery by bodily injury is sufficient to warrant granting the motion to vacate.

In *United States v. Burris*, No. 17-10478, 2018 WL 3430086, at *10 (5th Cir. July 16, 2018), the Fifth Circuit held that robbery by bodily injury under the Texas statute is no longer a violent felony. Accordingly, pursuant to binding Fifth Circuit authority, Petitioner's conviction for robbery under the Texas statute is not a violent felony under the ACCA. Therefore, the court will grant Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

Having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of the portion of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court as supplemented by this order. Accordingly, the court: (1) **overrules** the Government's objections in light of recent Fifth Circuit authority; (2) **overrules as moot** Petitioner's objections; (3) **grants** Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2); and (4) **vacates** the original judgment and sentence (Doc. 49) issued in Criminal Action No. 3:12-CR-0126-L (1) in accordance with this order and the *Burris* decision. The court will schedule a resentencing hearing by separate order.

**It is so ordered** this 20th day of July, 2018.

_____
Sam A. Lindsay
United States District Judge